FILED
2011 DEC 13 P 12:45

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

FILED
DEC 05 2011
Clerk, U. S. District Court
Eastern District of Tennessee
At Winchester

RENE JEAN SAUZEDDE and )
YAEL FELICITAS SAUZEDDE, )
                         )
          Plaintiffs, )
                         )        1:11-CV-99
v.                        )
                         )        Chief Judge Curtis L. Collier
TIMOTHY GEITHNER, )
                         )
         Defendant. )

## ORDER

Plaintiffs Rene Jean Sauzedde and Yael Felicitas Sauzedde (collectively, "Plaintiffs") filed a *pro se* complaint titled "Libel of Review" against Defendant Timothy Geithner, United States Secretary of the Treasury ("Defendant"), on April 21, 2011 (Court File No. 1). Because Plaintiffs sued an officer of the United States, they must serve Defendant pursuant to Rule 4(i) of the Federal Rules of Civil Procedure. Rule 4(i) requires, *inter alia*, that the United States be among those served if an officer is being sued in either an individual or official capacity. Fed. R. Civ. P. 4(i). This Court has gone out of its way to accommodate the *pro se* plaintiffs in this case to ensure they properly serve Defendant. Yet, as explained below, Plaintiffs have refused to follow the Court's orders and the Federal Rules of Civil Procedure. Moreover, Plaintiffs have demonstrated an utter lack of respect for this Court and the staff of the clerk's office through their filings with the Court.

On June 14, 2011, Plaintiffs moved for entry of default judgment against Defendant (Court File No. 6), which the Court denied due to Plaintiffs' failure to follow the two-step procedure outlined in Fed. R. Civ. P. 55 for obtaining an entry of default (Court File No. 7). Further, the Court noted in its order that it did not appear Defendant had been properly served. The Court cautioned

Plaintiffs that, even if they are proceeding *pro se*, they must familiarize themselves with both the federal and local rules that govern the procedures of this Court.

Upon observing Plaintiffs' continued failure to properly serve Defendant, The Court proceeded to issue two show cause orders. The first order was issued on September 14, 2011, informing Plaintiffs they had not properly served Defendant within 120 days of filing the complaint, and ordering Plaintiffs to explain why the action should not be dismissed pursuant to Fed. R. Civ. P. 4(m) (Court File No. 14). Plaintiffs responded to the Court's show cause order by returning a copy of the order with the words "Refused for Cause" written across the front, along with the phrase "misnomer - clerk forgery" in the caption (Court File No. 15). Plaintiffs also claimed they submitted an affidavit on June 20, 2011, as proof that Secretary Geithner had been served. Upon reviewing this document, the Court concluded Plaintiffs still had not fully complied with the Federal Rules of Civil Procedure, particularly Fed. R. Civ. P. 4(i)(3), which requires service of both the United States and the officer when the officer is sued in his individual capacity.[1]

Pursuant to Fed. R. Civ. P. 4(i)(4)(B), "[t]he court must allow a party a reasonable time to cure its failure to . . . serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee." Although Plaintiffs had been put on notice as early as April 2011 regarding their failure to properly serve Defendant, the Court provided additional time and clarification by issuing a second show cause order on November 8, 2011. In that order, the Court directed Plaintiffs to review Fed. R. Civ. P. 4(i) and informed them that they still needed to serve

---

[1] Even if Plaintiffs had sued Defendant in his official capacity, they still would have had to serve the United States. *See* Fed. R. Civ. P. 4(i)(2).

2

the United States.[2] Defendants responded again by returning a copy of the Court's order with the words "Refused for Cause" written across the front of each page, and the words "misnomer, clerk forgery" in the caption (Court File No. 20). Plaintiffs indicated they would not serve the United States, noting the "United States is not a party to the action . . . Timothy GEITHNER [was] served in his capacity as U.S. Governor of International Monetary Fund."

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *See Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal . . . it is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). Similarly, the court's "inherent power to 'protect[ ] the due and orderly administration of justice, and . . . maintain[ ] the authority and dignity of the court'" provides an additional source of authority for *sua sponte* dismissal. *Rogers*, 302 F. App'x at 375 (citation omitted); *see also Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765 (1980) ("'The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.'" (citation omitted)).

Plaintiffs have ignored the Court's orders and refused to comply with the Federal Rules of Civil Procedure for proper service of an officer of the United States. In addition, they have failed to effect timely service of process as required by Fed. R. Civ. P. 4(m), and lack good cause for

---

[2] The Court even included a copy of Rule 4 of the Federal Rules of Civil Procedure with the order to ensure Plaintiffs had the proper information before them (Court File No. 18-1).

3

failing to do so. Finally, Plaintiffs have continually been disrespectful and dismissive in their filings with the Court. Accordingly, the Court determines *sua sponte* dismissal is appropriate here. Pursuant to its inherent authority as well as that provided in Fed. R. Civ. P. 41(b), the Court **DISMISSES WITH PREJUDICE** Plaintiffs' action.

SO ORDERED.

ENTER:

/s/ _____
CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE

*Refused for cause*

4